John McManus, Respondent, v. Michael Gavin, Appellant.

The provision of the act of 1851 (§ 33, chap. 134, Laws of 1851) in reference to the survey and measurement of land, which prohibits a surveyor from testifying "respecting the survey or measurement of lands" made by him, unless he shall make oath, if required, that the chain or measure used by him conformed to the State standards, applies only to surface surveys and measurements, not to measurements as to the quantity of material taken from an excavation.

The statute being restrictive of a common law rule should not be extended beyond its fair import and intent.

(Argued March 28, 1879 ; decided April 8, 1879,)

Appeal from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the facts are set forth sufficiently in the opinion.

*George Hill*, for appellant.

*William Allan*, for respondent. Section 33 of chapter 134 of Laws of 1851 is not applicable to this case. It only has

reference to the measurement of lands, not to the material taken from an excavation. (2 Burr. L. Dict., 127, 128.)

CHURCH, Ch. J. The action was brought to recover for a quantity of rock excavation done by the plaintiff for the defendants in excavating two cellars. The contract between the parties provided that the amount of yards was to be tested by a surveyor, agreeable to both parties, and the final payment was to be made when the work was completed, "the amount of work done to be determined by the surveyor's estimate." There was some evidence given of the making of estimates by a surveyor but the certificates do not appear in the record, nor does it distinctly appear that they were offered in evidence. One Joseph G. L. Smith, a city surveyor was called as a witness by the plaintiff to prove the quantity of rock excavated, and his evidence was objected to because he did not make oath that the chain or measure used by him, was conformable to the State standard, at the time the survey was made. The objection was overruled, and an exception taken.

The statute chapter 134, Laws of 1851, section 33, is as follows: "No surveyor shall give evidence in any cause, depending in any of the courts of the State, or before arbitrators respecting the survey or measurements of lands which he may have made, unless such surveyor shall make oath if required, that the chain or measure used by him, was conformable to the standards, which were the standards of the State, at the time such survey was made."

It cannot be denied but that in some technical sense the estimate of the quantity of rock excavated, involved a survey and measurement of land, but we think, concurring with the court below, that the statute does not apply to such a calculation as the witness was called upon to make in this case. The statute was intended to secure greater accuracy in the survey and measurement of land upon the surface. The fourth section requires the chain "for measuring land," to be twenty-two yards long, divided into 100 links.

The fifth section prescribes the mode of measuring "the acre," and how many chains it shall contain, and the chain or measure specified in the thirty-third section, refers to the chain before specified, and the " survey and measurements," to those terms as before used in the act.

While there may be some doubt about the proper construction of the statute, we think that looking at the whole act the " survey and measurements of lands " specified in the thirty-third section were intended to apply to surface surveys and measurements, and not to the quantity of material taken from an excavation of the character involved in this action. The statute which is restrictive of a common law right should not be extended beyond its fair import and intent.

The witness stated that he made the measurements with a steel tape, and testified positively that it was conformable to the standard, and that he had compared it, and stated how he had compared it, but stated that he had not compared it with any standard in the city hall. The statute only requires the surveyor to make oath that the chain or measure is conformable to the standard. He made such oath, and in strictness, entitled himself to give evidence under the construction of the statute claimed by the appellant, although his subsequent examination showed that he did not personally know the fact. We prefer however to put the case upon the inapplicability of the statute. While we feel constrained to overrule the exception, we desire to commend the counsel for the appellant, for presenting a proper bill of exceptions, containing no more than sufficient to present the single point raised, for the decision of the court.

The judgment must be affirmed.

All concur, except MILLER, J., absent.

Judgment affirmed.