(169 App. Div. 613)

### LESTER v. OTIS ELEVATOR CO.   (No. 7801.)

(Supreme Court, Appellate Division, First Department.   November 5, 1915.)

1. MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—ACTIONS—·
   WORKMEN'S COMPENSATION LAW—NOTICE OF ELECTION TO SUE—AMOUNT
   OF RECOVERY.
      Workmen's Compensation Law (Consol. Laws, c. 67;   Laws 1913, c.
   816) § 29, as re-enacted by Laws 1914, c. 41, providing that a workman en-
   titled to compensation under the act shall, before any suit or claim is
   brought, elect whether to take compensation under the act or to pursue
   his remedy against a third party, whose negligence caused the injury,
   which election shall be evidenced in such manner as the commission may
   prescribe, does not prevent an employé from bringing an action for dam-
   ages against a third party, and notice of election to do so is not a con-
   dition precedent to the maintenance of the action;   but, if he brings such
   action, he can make claim under the statute only for the deficiency be-
   tween the recovery and the statutory compensation.

2. MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—ACTIONS—
   WORKMEN'S COMPENSATION LAW.
      Workmen's Compensation Law, §§ 2, 10, 11, 14–16, 50, 52, show that the
   purpose of the statute is not wholly to protect employés of the classes
   enumerated, and that it does not regulate actions brought against third
   parties, not employers, for injuries due to negligence;   hence section 29,
   requiring the person injured to elect whether to proceed under the act
   or to sue the third party, does not curtail common-law remedies against
   the third person.

Appeal from Appellate Term, First Department.

Action by William Lester against the Otis Elevator Company.
From a judgment of the Appellate Term (90 Misc. Rep. 649, 153 N.
Y. Supp. 1058), affirming a judgment for plaintiff, defendant appeals.
Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, SCOTT, and DOWLING, JJ.

· Walter L. Glenney, of New York City, for appellant.
Edgar Weaver, of New York City, for respondent.

McLAUGHLIN, J.   This action was brought in the Municipal
Court of the City of New York to recover damages for injuries al-
leged to have been sustained through the negligence of the defendant.
On July 17, 1914, the plaintiff was an employé of the firm of Bing
& Bing, which was engaged in the construction of a building in the
city of New York.   Upon the same premises, the defendant was en-
gaged in drilling a hole for the plunger of an elevator.   In removing
the drill for the purpose of cleaning it, defendant, in some way, upset
the runway on which plaintiff was at work wheeling mortar, and he
was thrown off, sustaining the injuries of which he complains.   At
the trial the plaintiff had a verdict, and the judgment entered thereon
was affirmed by the Appellate Term, with leave to defendant to appeal
to this court.

[1]   The appeal presents a single question, and that is whether, under
the Workmen's Compensation Law (Consol. Laws, c. 67;   chapter

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

816, Laws 1913, as re-enacted by chapter 41, Laws 1914), the plaintiff could maintain the action without alleging and proving his election to do so, pursuant to section 29 of that act. The Workmen's Compensation Law provides a fixed schedule of the rates of compensation to be paid by employers to employés injured in the course of certain hazardous employments, irrespective of the fault occasioning the injury, and establishes a commission to administer the statute and make awards. Employers are required to secure the payment of the prescribed compensation, in the manner provided in the statute, and it is conceded that the plaintiff's employers, Bing & Bing, had done so, and that the plaintiff might have applied for such compensation, instead of claiming damages from the defendant.

Section 29 provides:

"*Subrogation to Remedies of Employé.* If a workman entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured workman, or in case of death, his dependents, shall, before any suit or claim under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe. If he elect to take compensation under this chapter, the cause of action against such other shall be assigned to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person or association or corporation liable for the payment of such compensation, and if he elect to proceed against such other, the state insurance fund, person or association or corporation, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case. Such a cause of action assigned to the state may be prosecuted or compromised by the commission. A compromise of any such cause of action by the workman or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the commission, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association or corporation liable to pay the same."

In the present case the plaintiff in fact elected to pursue his remedy against the defendant, instead of claiming compensation under the statute, as an employé of Bing & Bing. But it is conceded that he did not file any evidence of his election with the commission, although the commission had, pursuant to section 29, prescribed a form of notice to be filed with it in such cases. The defendant claims that the filing of such a notice was a condition precedent to the maintenance of the action, and the court below was divided upon that point. 90 Misc. Rep. 649, 153 N. Y. Supp. 1058.

Under section 29, the plaintiff was required to file such notice only *before any suit or claim under this chapter.* The present action was not a suit or claim under the statute, but a common-law action against the defendant for negligence. The plaintiff was not employed by the defendant, and it is a rather startling proposition that a third party can defeat an action against him for negligence merely because the victim happened to be an employé of another person and had not filed with the commission a notice of his election to exercise his common-law rights.

In requiring an employé to make and evidence his election "before any suit or claim under this chapter," it seems to me that the Legislature clearly intended the words "under this chapter" to modify both "suit" and "claim," so that the third party is not entitled to insist that such notice be given. If these words are construed to mean any suit, including a common-law action against a third party, then the section is in derogation of the common-law rights of the employé—a construction to be avoided where possible. McManus v. Gavin, 77 N. Y. 36; Seligman v. Friedlander, 199 N. Y. 373, 92 N. E. 1047; Rosin v. Lidgerwood Mfg. Co., 89 App. Div. 245, 86 N. Y. Supp. 49.

[2] We might rest our decision upon this point alone. But it is urged that the whole purpose of the statute was to protect employés of the classes enumerated, and that it should be construed to this end as regulating their rights and remedies against third parties, as well as against their employers. On the contrary, it seems to me that an examination of the statute only strengthens the conclusion that such was not the purpose of section 29.

The statute as originally enacted was entitled "An act in relation to assuring compensation for injuries or death of certain employés in the course of their employment. * * *" Section 2 enumerates the hazardous employments to which the statute applies. Sections 14–16 provide fixed schedules of compensation to be paid for injuries, and section 50 requires employers to secure the payment of such compensation to their employés, in one of the ways specified in the section. Section 52 provides that the failure of an employer to secure compensation shall enable an injured employé or his dependents "to maintain an action for damages in the courts," as prescribed in section 11.

Section 10 requires every employer to pay or provide the scheduled compensation for accidental injuries sustained by an employé in the course of his employment, "without regard to fault as a cause of such injury," except where due to the intoxication or willful intention of the employé; and section 11 provides that the liability prescribed in section 10 is exclusive, except that, if an employer has failed to secure compensation as required by section 50, the employé or his representatives may, at their option, either claim compensation under the statute, or "maintain an action in the courts for damages on account of such injury," in which action neither contributory negligence, the assumption of risk, nor the negligence of a fellow servant may be pleaded as a defense.

All these provisions clearly relate only to rights and remedies as between employer and employé. As was fully explained in Matter of Jensen v. Southern Pacific Co., 215 N. Y. 514, 109 N. E. 600, where the constitutionality of the statute was upheld, the employer is required to pay a fixed compensation for injuries sustained by an employé in the course of his employment, entirely irrespective of the question of negligence. This liability is absolute, and is exclusive, unless the employer has failed to secure the payment of compensation, in the manner provided in section 50. In that case, and in that case only, the employé may bring an action for damages, with the common-law

defenses specified in section 11 barred. It is perfectly clear that the "action in the courts for damages," mentioned in sections 52 and 11, is an action against the employer only. It cannot possibly mean an action against a third party, though not infrequently an employé may be injured in the course of his employment by the negligence of a third party, as occurred in the present case.

Nowhere in the statute, therefore, is there any attempt to regulate or alter the rights and remedies of an employé against a third party, unless it be contained in section 29. But in the light of what has been said the purpose of section 29 seems perfectly clear.

Where an employé is injured by the act of a third party in the course of his employment, he is nevertheless entitled to claim compensation under the statute. But it is only reasonable that, in such cases, the third party should be made to pay the damages caused by his wrongful act, and, of course, the employé is not entitled to such damages and the statutory compensation at the same time. Section 29 accordingly makes provision for the employer's "subrogation to remedies of employé." Under that section, if the employé claims compensation under the statute, his cause of action against the third party is assigned to the state, if the compensation is payable from the state insurance fund, and otherwise to the person liable for the payment of the compensation. In other words, the party who has to pay or secure the statutory compensation can then recover the damages for which the third party is liable.

Section 29 does not, however, prevent an employé from bringing an action for damages against such third party himself; it recognizes his right to do so, if he chooses. But, if he does elect to do so, he can claim compensation under the statute only for the deficiency, if any, between the amount collected from such third party and the statutory compensation.

The employer, or the person liable for the payment of the statutory compensation, is thus vitally interested in the outcome of such an action brought by an employé. For the protection of the employer, section 29 requires the employé, before any suit or claim under the statute, to make and evidence his election. If he elects to claim under the statute, then the employer is subrogated to his rights against the third party. If he elects to pursue his remedy against the third party, the employer has notice and can take steps to see that an adequate recovery is obtained. For his further protection compromises for less that the statutory compensation are forbidden, without his written approval.

It was doubtless expected that employés would ordinarily choose the prompt and inexpensive remedy given them under the statute, and leave it to the employers and insurers to collect the damages from the third party. An employé would hardly go to the trouble and expense of bringing such an action himself, unless he hoped to recover from the third party more than the statutory compensation. In the similar statutes of other states which I have examined the employé is given the election whether to sue, or to claim compensation under the law. Under our statute, however, he may sue, and still hold

the employer liable for the deficiency, if he fails to recover and collect the statutory amount.

It seems to me, therefore, that the requirement that the employé give evidence of his election to sue was intended solely for the benefit of the person liable for the statutory compensation, and was not intended to curtail or affect the existing remedies of the employé against the third party. Section 29 fully recognizes the common-law remedy of the employé, and there is nothing in the statute to indicate that the Legislature intended that it should be affected.

It is doubtless a necessary conclusion that where an employé brings such an action, without having duly evidenced his election to do so, he would not be entitled to any compensation under the statute, even though he did not recover in such action the full amount to which he would have been entitled under the statute. Such a situation could arise only through the failure of the employé to claim compensation under the statute and his disregard thereof in failing to give notice of his election. Neither the language nor the obvious purpose of section 29, however, would justify a construction holding the giving of such notice to be a condition precedent to the maintenance of a common-law action by an employé against a third party.

The determination appealed from should therefore be affirmed, with costs. Order filed. All concur.