permitted by the true owner; it was at most a license, which could not, and did not, ripen into a title by adverse possession. That being so, plaintiff must fail, and the complaint must be dismissed, with costs.

Findings may be submitted, and judgment is directed accordingly.

---

## MILLER v. NEW YORK RYS. CO.

(Supreme Court, Appellate Division, Second Department. January 21, 1916.)

1. MASTER AND SERVANT ⬤⟞250¾, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION ACT—EFFECT OF ELECTION—"COMPENSATORY DAMAGES"— "ACTUAL DAMAGES."

Workmen's Compensation Act (Consol. Laws, c. 67) §§ 2, 10, declare that its purpose is to provide compensation for injuries sustained or death incurred, while section 29 declares that, if a workman entitled to compensation be injured or killed by the wrong or negligence of another not in the same employ, such workman, or in case of death his dependents, shall, before any suit or claim, elect whether to take compensation under the act or pursue his remedy against such other, and that, if he take compensation under the act, the cause of action against such other shall be assigned to the state for the benefit of the state insurance fund or the one liable, while if he elect to proceed against such other the insurance fund or one liable shall contribute only the deficiency, if any, between the amount of recovery against such other person and the compensation provided. *Held*, that an injured workman's receipt of compensation under the act is an election, subrogating the employer or insurer to his right of action against an independent wrongdoer; therefore, in an action against it, the wrongdoer may set up such election, and the employer's or insurer's subrogation to such right of action, for the servant is entitled only to compensatory damages, which means actual damages, and the law forbids a double recovery.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Actual Damages; Compensatory Damages.]

2. MASTER AND SERVANT ⬤⟞250¾, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION ACT—EFFECT OF ELECTION.

In such case, receipt of compensation under the act is an election, working subrogation, though the compensation under the act is fixed by data which are not admissible as evidence in an ordinary action.

3. MASTER AND SERVANT ⬤⟞250¾, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION ACT—EFFECT OF ELECTION.

The compensation received under the act is not insurance, precluding the third person, guilty of negligence contributing to the injury, from setting up the employé's election and the subrogation of the employer or insurer to his right of action.

Appeal from Special Term, Kings County.

Action by George Miller against the New York Railways Company. From an interlocutory judgment for defendant, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Edward Snyder, of Brooklyn, for appellant.

John Montgomery, of New York City, for respondent.

JENKS, P. J. [1, 2] This action is for negligence whereby plaintiff was personally injured. The sole question presented is whether the

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendant, who was not the master, can plead as a separate defense that the plaintiff, prior to the commencement of this action, made claim under the Workmen's Compensation Act for compensation for his disability due to the accident (which is the basis of this action), and received an award of compensation.   Section 29 of the said act reads:

"*Subrogation to Remedies of Employé.*  If a workman entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured workman, or in case of death, his dependents, shall, before any suit or claim under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other.   Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe.   If he elect to take compensation under this chapter, the cause of action against such other shall be assigned to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person or association or corporation liable for the payment of such compensation, and if he elect to proceed against such other, the state insurance fund, person or association or corporation, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case.   Such a cause of action assigned to the state may be prosecuted or compromised by the Commission.   A compromise of any such cause of action by the workman or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the Commission, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association or corporation liable to pay the same."

To my mind, this section is neither ambiguous nor obscure.   The scheme of the statute is to provide "compensation for injuries sustained or death incurred  *  *  *  resulting from an accidental personal injury" (sections 2 and 10).   The theory of the present action is recovery of compensation.   Thus in Birdsall v. Coolidge, 93 U. S. 64, 23 L. Ed. 802, the court say:

"Damages are given as a compensation, recompense, or satisfaction to the plaintiff, for an injury actually received by him from the defendant.   Compensatory damages and actual damages mean the same thing; that is, that the damages shall be the result of the injury alleged and proved, and that the amount awarded shall be precisely commensurate with the injury suffered, neither more nor less, whether the injury be to the person or estate of the complaining party.   2 Greenl. Ev. (10th Ed.) § 253."

The rights of the servant under this statute, and of the servant as an individual under the common law or the statutes, are alike remedies which are open to him.   Matter of Jensen, 215 N. Y. 514, at page 526, 109 N. E. 600.   The act is but cumulative and alternative, and does not impair the latter remedy.   The act affects such remedy only when the individual as a servant elects to receive compensation under the act.   The reason for the statutory declaration as to election is founded upon the common-law rule that there should not be a double satisfaction for the same injury.   Walsh v. N. Y. C. & H. R. R. R. Co., 204 N. Y. 58, 62, 63, 97 N. E. 408, 37 L. R. A. (N. S.) 1137; Gambling v. Haight, 59 N. Y. 354.   The right thus to prescribe election is not affected by the circumstance that the compensation is, under the

statute, to be determined by data which are not prescribed for the jury in an action. Thus Herman on Estoppel says (volume 2, p. 1051):

"Where a party has two or more remedies for the same wrong, in which the measure of damages might be different, electing one and pursuing it to judgment is a bar to any other remedy."

See, too, remarks of Wright, J., in Tong v. Great Northern R. Co., 86 L. T. R. (N. S.) 802, 803, and of Rowlatt, J., in Woodcock v. London & Northwestern R. Co., 109 L. T. R. 253–257, 258. The ultimate fact is that the purpose and result of either remedy is compensation for the personal injury.

[3] If it be urged that the compensation provided for by the statute is insurance, the answer is that the servant does not receive compensation through insurance effected by him; i. e., as the result of any contract made by him in exchange for his payment of premium or assessment. This circumstance is indicated by the restrictive provisions of section 31 of the act. He receives compensation under the act perforce of the injury, whereas he would not receive insurance perforce of the injury alone, but also because of his payment of premium or assessment.

Under other, but similar, provisions the courts in other jurisdictions have recognized the effect of such an election as is prescribed by said section 29 of our act. Lord Halsbury's Laws of England, vol. 20, p. 195; Oliver v. Nautilus S. S. Co., 19 Times L. R. 607; Tong's Case, supra; Woodcock's Case, supra; John Cripp's Case, 216 Mass. 588, 104 N. E. 565, Ann. Cas. 1915B, 828. In Lester v. Otis Elevator Co., 155 N. Y. Supp. 524, this court in the First Department say: .

"Where an employé is injured by the act of a third party in the course of his employment, he is nevertheless entitled to claim compensation under the statute. But it is only reasonable that, in such cases, the third party should be made to pay the damages caused by his wrongful act, and, of course, the employé is not entitled to such damages and the statutory compensation at the same time. Section 29 accordingly makes provision for the employer's 'subrogation to remedies of employé.' Under that section, · if the employé claims compensation under the statute, his cause of action against the third party is assigned to the state, if the compensation is payable from the state insurance fund, and otherwise to the person liable for the payment of the compensation. In other words, the party who has to pay or secure the statutory compensation can then recover the damages for which the third party is liable."

The effect of the plaintiff's action by proceeding under the statute is well stated in McGarvey v. Independent O. & G. Co., 156 Wis. 580–583, 146 N. W. 895.

We are cited by the appellant to the case of Newark Paving Co. v. Klotz, 85 N. J. Law, 432, 91 Atl. 91, affirmed on opinion 86 N. J. Law, 690, 92 Atl. 1086. The decision is made by an eminent judge. But it is to be noted that it rests on the act of 1911, and that in the course of his opinion Swayze, J., says:

"It is true this conclusion makes it possible for the employé to secure under the act of 1911 double compensation. This was probably not the intent of the Legislature, though, as we think, the result of the language of the statute. The difficulty seems to be obviated by the amendment of 1913 (P. L. pp. 312, 313)."

Examination of the amendment referred to shows a provision substantially similar in its purpose and effect, so far as double compensation is concerned, as is section 29 of our own statute.

The interlocutory judgment should be affirmed, with costs. All concur.