Pietro Sabatino, Plaintiff, v. Thomas Crimmins Con-
struction Co., Defendant.

(Supreme Court, New York Trial Term, January, 1918.)

Workmen's Compensation Law, § 29 — extension of liability of em-
ployer — subrogation — actions — negligence — assignments —
statutes — Laws of 1914, chap. 41 — awards — state industrial
commission.

The Workmen's Compensation Law (Laws of 1914, chap. 41)
deals directly only with the liability of an employer; it creates
a new remedy designed to make trade accidents a trade lia-
bility in cases coming within its provisions; the liability of
employers is extended and they or the persons liable to pay the
compensation are subrogated by way of indemnity to all claims
of the employees against others who caused the injury.

Under section 29 of said statute, construed in connection with
the other provisions thereof, an employee when injured by the
negligence of one other than his employer and not in the same
employ has a choice of remedies, viz.: a claim under the statute
against his employer or a cause of action at law against such
other person, and in the former event the cause of action
against such other person must be surrendered to the state for
the benefit of the state insurance fund or to the person liable
to pay.

In an action to recover for personal injuries brought by an
employee against a third party not his employer it appeared
that plaintiff had withdrawn a notice of election to sue defend-
ant which he had filed with the state industrial commission and
had filed a claim against his employer accompanied by an
assignment, in the form prescribed by said commission, of any
claim against third parties. The claim was allowed by the
commission and an award made. It was not paid by the
employer, who notified defendant of the award and claiming to
be subrogated to the employee's rights against defendant called
upon it to pay the award. After this action had been brought
defendant paid the amount of the award to the state industrial
commission and received a release from the employer releasing
defendant from all liabilty for any claim arising out of
plaintiff's injuries. The commission sent its check for the

amount of the award to plaintiff who refused to accept it and on notice to the employer but not to defendant plaintiff applied to the commission to withdraw his claim against his employer, claiming that the employer had failed to secure the payment of compensation as provided by section 50 of .the statute.     The commission allowed the claim to be withdrawn and apparently set aside the award.  *Held,* that under the original act (Laws of 1914, chap. 41, § 29), which governs this case, plaintiff's title to the award was divested by the assignment and he had no cause of action at the time the suit was commenced.

That by said assignment. the title to the award vested in plaintiff's employer and could not be divested without his consent, there being nothing in said section 29 to indicate that the divesting of the title was intended to be postponed until payment of the award, and that neither the plaintiff nor the commission had power to affect said title and that defendant's motion for a dismissal of the complaint should be granted, and a verdict for the defendant directed.

That the surrender of the cause of action was ample consideration for the assignment, the employee being under no obligation to pursue the statutory remedy.

MOTION to dismiss complaint on the evidence at the trial.

Peter J. Brancato, for plaintiff.

Blauvelt & Warren (Francis J. MacIntyre, of counsel), for defendant.

PENDLETON, J.   Defendant moved to dismiss the complaint on the evidence at the trial.   Decision was reserved and the case sent to the jury to assess the damages.   Code Civ. Pro. § 1187.

The action is in negligence for damages for personal injuries brought by an employee against a third party, not the employer.

The answer sets up as an affirmative defense that plaintiff had been divested, before suit brought, of the cause of action under the provisions of section 29 of the Workmen's Compensation Law, and was not therefore the real party in interest.

There is no dispute as to the facts, and the only question is whether the title to the cause of action had passed out of plaintiff as matter of law.

Evidence having been offered for defendant, the motion should properly have been to direct a verdict for defendant, and, there being concededly no question of fact, it may be so treated. *Niagara Falls Fire Ins. Co.* v. *Campbell Stores,* 101 App. Div. 400; *Sheldon* v. *George,* 132 id. 470; *Dillon* v. *Cockcroft,* 90 N. Y. 649; *Westervelt* v. *Phelps,* 171 id. 212; *Appleby* v. *Astor Fire Ins. Co.,* 54 id. 253.

Plaintiff, an employee of the Collette Company, was struck by a chain operated by defendant. He filed with the commission notice of an election to sue defendant as a third party under the provisions of the Workmen's Compensation Law, subsequently withdrew it and filed a claim against the employer accompanied by an assignment in the form prescribed by the commission of any claim against third parties. The claim was allowed by the commission and an award made. It was not paid by the employer, who notified defendant of the award and, claiming to be subrogated to the employee's rights against defendant, called upon defendant to pay it. Thereafter this action was commenced. Subsequently defendant paid the amount of the award to the commission and received a release from the employer releasing defendant from all liability for any claim arising out of plaintiff's injury. The commission sent its check for the amount of the award to plaintiff, who refused to accept it. Thereafter plaintiff, on notice to the employer, but not to defendant, applied to the commission to withdraw his claim against the employer, claiming that the employer had failed to secure the payment of compensation as provided in section 50 of the act. The commission allowed the claim to be withdrawn and apparently set aside the award.

Construing section 29 of the Workmen's Compensasation Law in connection with the other provisions of that statute, its plain intent, purpose and effect is that an employee has, where injured by the negligence of one other than the employer and not in the same employ, the choice of remedies, viz., his claim under the act against the employer or his cause of action at law against such other person, and that in the former event the cause of action against such other person must be surrendered to the state for the benefit of the state insurance fund or to the person liable to pay.

The act created a new remedy and was designed to make trade accidents a trade liability in cases coming within its provisions; the liability of employers was extended, and they, or the persons liable to pay the compensation, were subrogated by way of indemnity to all claims of the employees against others who caused the injury.

The statute deals directly only with the liability of the employer. It neither impairs nor adds to the employee's common-law rights against third parties. He has the option of pursuing those rights as if the statute never existed, or he may take compensation under the act, in which case he surrenders, for the benefit of the party paying, the cause of action against third parties, or he may pursue the action at law against the third parties and claim under the statute the difference, if any, between the recovery at law and the compensation he would be entitled to under the act, giving notice of the election in order that the party liable under the act may have an opportunity to protect his interest. *Lester* v. *Otis Elevator Co.,* 169 App. Div. 613; *Miller* v. *New York Railways Co.,* 171 id. 316; *Matter of Woodward* v. *Conklin & Son, Inc.,* Id. 140; *Dietz* v. *Solomonwitz,* N. Y. L. J. Sept. 24, 1917.

There is no dispute as to these general principles,

but plaintiff contends that until payment of the award the assignment of the cause of action is not effective.

The original act, as amended by chapter 41, Laws of 1914, section 29, provided: " If a workman entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured workman, or in case of death, his dependents, shall, *before any suit or claim under this chapter, elect* whether to take compensation under this chapter or to pursue his remedy against such other. Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe. *If he elect to take compensation under this chapter, the cause of action against such other shall be assigned to* the state for the benefit of the state insurance fund, if compensation be payable therefrom, and *otherwise to the person or association or corporation* liable for the payment of such compensation, and if he elect to proceed against such other, the state insurance fund, person or association or corporation, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case. Such a cause of action assigned to the state may be prosecuted or compromised by the commission. A compromise of any such cause of action by the workman or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the commission, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association or corporation liable to pay the same.' '

The words " *before any suit or claim* " were held to

refer to *suits or claims under this act.   Lester* v. *Otis Elevator Co.,* 169 App. Div. 613.

By chapter 705, Laws of 1917, section 29 was amended so as to substitute for the words '' before any suit or claim '' the words '' *before any suit or any award,''* and in place of the words '' the cause of action against such other shall be assigned to the state '' the words '' *the awarding of compensation shall operate as an assignment of the cause of action against such other to the state.''*

The manifest purpose of the change was to make the transfer of title operative under the statute without formal instrument of assignment, and was apparently intended to simplify the procedure, especially in cases of death benefits and next of kin, and the time of the divesting of title was expressly fixed at *the awarding of compensation.*  This case comes under the original act.  By the forms prescribed by the commission, section 76, a formal transfer or assignment was included in and made part of the '' Employee's Claim for Compensation '' filed with the commission, and as part of his claim plaintiff executed such an assignment in this case, which expressly reads '' in consideration of the compensation, if any, *when awarded.''*

The language of the act that '' such injured workman * * * shall before any suit or claim under this chapter elect. * * * Such election shall be evidenced in such manner as the commission may * * * prescribe * * * '' and '' if he shall elect to take compensation * * * the cause of action against such other shall be assigned * * * '' seems very plain.

There is nothing to indicate that the divesting of title was intended to be postponed until payment of the award.  On the contrary, the plain express import is that it should take effect on the election, and the forms

prescribed by the commission, containing a formal assignment, and the language of the assignment itself, all evidence the same intent. The amendment of 1917 points in the same direction. As above stated, its purpose was to .dispense with the formal instrument of assignment; it evidently postponed rather than advanced the time of transfer of title.

The act makes special provisions for the enforcement of payment of the award, and it was evidently the intention that those who had received an award should be relegated to these remedies for its payment.

In *Miller* v. *New York Railways Co.*, 171 App. Div. 316, above cited, it was held in an action by an employee against a third person that the fact that the employee had made claim for compensation under the act and received an award was a good defense. An examination of the record of that case shows that, as matter of fact, the award had been paid, but such circumstance was not relied on in the opinion. Under a statute of Wisconsin, very similar to the New York statute, it was expressly held that the transfer of title did not await the payment of the award. *McGarvey* v. *Independent Oil & Grease Co.*, 146 N. W. Rep. 895; *Pawlak* v. *Hayes*, 156 id. 465.

Payments of compensation awarded are made periodically, not in one sum (§ 25), and this fact alone is sufficient to show that the divesting of title must depend on the claim or award and not payment; any other contention would seem quite impracticable. Moreover, it is scarcely conceivable that it was intended an employee might speculate with the commission, try for the award, and if not satisfied abandon the proceedings and sue the third parties. A somewhat similar case was decided in *Pavia* v. *Petroleum Iron Works Co.*, 178 App. Div. 345. There the employee had elected to seek compensation, whereas,

under section 11 of the act, he might, the employer not having secured compensation to his employees as required by section 50 of the act, have elected to bring against the employer the special suit for damages at law provided for in that section. The action of the commission in refusing to allow him to withdraw his claim in order to sue at law was approved. The court said: ''A party cannot experiment with the commission for the purpose of ascertaining how much compensation may be awarded and then if dissatisfied repudiate the award and seek the other remedy permitted by the statute. His election once made intelligently and with knowledge of the facts should be conclusive.'' The same principle would seem to apply here.

Plaintiff urges that until the award is paid there is no consideration for the assignment, but this is not so.

The statute gives a new remedy, and as a condition of its enjoyment requires a surrender of any cause of action against third parties. This is ample consideration for the assignment; the employee is not obliged to pursue the statutory remedy, but, if he does, he surrenders his claim against others.

If the statute had intended the assignment should only become effective on payment, it could have so provided. It did not. On the contrary, as above pointed out, the language seems clear that such was not the intent.

The construction contended for by the plaintiff would inject so much uncertainty and lead to such confusion as to the rights of the parties in regard to the claim against third parties, that it is difficult to believe such a condition was intended. If the employee claims under the statue, the party liable to pay the compensation is entitled to the benefit of the claim against third parties, and to take such steps to protect his interest

and enforce the claim as he deems advisable. *Lester* v. *Otis Elevator Co.,* 169 App. Div. 613. On the other hand, if the employee does not take under the statute, he retains the full benefit and control of the claim against third parties, with authority to compromise or settle it, and should be free to take such steps to protect his interest as he may deem advisable.

If, as plaintiff contends, the assignment does not become effective until payment of the award, it is evident that during this period there would be uncertainty as to who would be ultimately entitled to this claim and as to the rights or interests of the parties and a manifest inability of either to effectively act so as to protect his interests. It is improbable a construction which would lead to such results is in accordance with the intent of the legislature.

Plaintiff's title having been divested by the assignment, he had no cause of action at the time suit was commenced. After suit brought plaintiff applied to the commission, as above stated, to allow the claim against the employer to be withdrawn, alleging that the employer had not paid the award, and that when he filed his claim he did not know the employer had not secured the payment of compensation to his employees by the methods provided in section 50 of the act. The application was granted and plaintiff allowed to withdraw his claim for compensation and the award was set aside.

The effect of the failure to pay an award is to expose the employer to the action provided in section 26 of the act (as matter of fact the defendant here had paid it) and of the failure to secure the compensation to the suit under section 11 and section 52 of the act and the penalty provided by section 50, subdivision 3. These matters can have no pertinency at this time.

The only question here is as to the effect of the action

of the commission on the cause of action against defendant. The assignment having become effective, it vested title in the employer, and he could not be divested except with his consent. Neither plaintiff nor the commission had such power. Even if it be assumed, however, for the sake of argument, that the award or the employer's title was voidable, it is not void *ab initio,* and the withdrawal of the claim or the setting aside of the award could not make it so. Proceedings neither void nor irregular, if erroneous or vacated for error or favor, are valid until set aside and furnish a protection to third parties acting under them in good faith. *Hess* v. *Hess,* 117 N. Y. 306, 309; *Day* v. *Bach,* 87 id. 56; *Fischer* v. *Langbein,* 103 id. 90; *Simpson* v. *Hornbeck,* 3 Lans. 53; *Anderson* v. *Schmidt,* 96 Ill. App. 125.

As in this case the award was not payable out of the insurance fund, the assignment of the cause of action against defendant was under the express provisions of the statute, and the instrument of assignment itself to the employer, as the party liable to pay the award, he called on defendant to pay, which the latter did, receiving from the employer a release of the claim. Having acquired title to the cause of action by the assignment, the employer could assign it (*McGarvey* v. *Independent Oil & Grease Co.,* 146 N. W. Rep. 895; *Saudek* v. *Milwaukee Elec. R. & Light Co.,* 157 id. 579; *Dietz* v. *Solomonwitz,* N. Y. L. J. Sept. 24, 1917), and on the same principle release it. Defendant was not a party to the award, nor obligated to pay it. It was not binding and imported no liability on defendant; the payment was therefore voluntary and a good consideration for the release, and all this having taken place before plaintiff's application to withdraw his claim against the employer the cause of action against defendant had been then extinguished. It is true that

the payment of the award by defendant was after action brought, but no application had then been made to withdraw the claim or set aside the award, and defendant could have no notice that plaintiff would attempt to do so. As above pointed out, the right of the parties had become fixed, the cause of action against defendant vested in the employer and could not be divested by any action of the employee or the commission, but, even if voidable, the proceedings being neither void nor irregular and the defendant having acted in good faith he is protected thereby notwithstanding the subsequent action of the commission.

Sections 20, 22 and 74 of the act fix the powers of the commission as to changing or modifying its awards and rulings. In none is there a suggestion that the original awards are by any modification or change made void *ab initio*. The language in section 22, that no review shall affect such awards as regards any moneys already paid, is just to the contrary. Even if the withdrawal of the claim and the setting aside of the award could be held to entitle plaintiff to a reassignment of the cause of action or even that it reinvested him with it, being after the action was commenced, the suit was in such aspect prematurely brought.

Motion granted, verdict for defendant directed, and judgment ordered thereon dismissing the complaint.