LOUIS BOSSERT & SONS, INC., Appellant, v. PIEL BROS., INC., Respondent.

(Supreme Court, Appellate Term, Second Department, May, 1920.)

Workmen's Compensation Law, §§ 13, 29 — actions — negligence — when judgment affirmed.

The Workmen's Compensation Law does not give an employer a right of action against the wrongdoer who has injured an employee of said employer except he acquire such right from the injured employee by paying compensation under the provisions of section 29 of the statute.

An action by an employee of plaintiff, who was injured in the performance of his work through the negligence of the defendant, was compromised and settled without the consent of the employer, who was a self-insurer under the Workmen's Compensation Law. In this action by the employer against the defendant to recover the value of medical attendance furnished to the injured employee under section 13 of the Workmen's Compensation Law, which plaintiff had paid, a judgment in favor of defendant will be affirmed.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, third district, in favor of the defendant, after a trial before the court without a jury.

Maurice B. Rich (Alex. M. Hamburg, of counsel), for appellant.

Fitch & Grant (Robert A. Peattie, of counsel), for respondent.

CROPSEY, J. An employee of the plaintiff in the performance of his work was injured through the carelessness of the defendant. The plaintiff was a self-insurer under the Workmen's Compensation Law, but the employee elected not to take compensation under

the statute but instead to sue the defendant. Such an action was begun and later compromised for a sum in excess of the amount of the compensation which the employee could have received under the statute. The plaintiff did not consent to the settlement. The plaintiff furnished medical attendance for the injured employee under the provisions of the Workmen's Compensation Law (§ 13), and expended $182.50 therefor. In this action plaintiff seeks to recover that sum and also a further sum for the damage to its truck which was occasioned at the time of the accident to its employee. The court below gave the plaintiff judgment for the amount of damage to its truck but refused to allow its claim for the medical expenses. The plaintiff appeals from the latter part of the court's decision. The sole question for review is whether the defendant is liable at the suit of the plaintiff for the value of the medical services which the plaintiff paid.

The Workmen's Compensation Law takes no rights from an injured employee which otherwise he would have had against a third party. Instead it gives him an additional right, namely, the right to compensation from his employer. He can elect to accept the compensation under the statute or he can sue the third party as though the Workmen's Compensation Law did not exist. *Miller* v. *New York Railways Co.,* 171 App. Div. 316, 318; *Sabatino* v. *Crimmins Construction Co.,* 102 Misc. Rep. 172, 175; affd., 186 App. Div. 891. If he elects to take compensation then he cannot later sue the third party whose negligent act injured him. *Hanke* v. *New York Consolidated R. R. Co.,* 181 App. Div. 53. In that event his claim against the third party is assigned to the person paying the compensation by virtue of the provisions of section 29 of the statute. That party

may then sue the wrongdoer and may recover in the same manner as the injured employee could have recovered had he brought suit against the wrongdoer. And the amount that may be so recovered is not limited to the amount paid as compensation. *Casualty Co. of America* v. *Swett Electric Light & Power Co.,* 174 App. Div. 825. There is a case holding that the recovery is limited to the amount of compensation actually paid (*United States Fidelity & Guaranty Co.* v. *New York Rwys. Co.,* 93 Misc. Rep. 118); but the language of the section seems to support the Appellate Division decision. That is in line with the intention of the statute not to take away from an employee his rights or remedies against third parties and to permit him to recover pay for injuries received with little delay and little expense. Paying the compensation the employer may then sue the wrongdoer and all that is recovered above the amount paid as compensation is for the benefit of the injured employee. *Casualty Co. of America* v. *Swett Electric Light & Power Co., supra.* If, however, the employee prefers to sue the third party he may do so, and if he recovers less than the compensation provided by the statute his employer must make good the difference. § 29. There is a conflict of opinion as to whether in order to hold the employer for that difference the employee must give notice of his election to sue the third party. In *Lester* v. *Otis Elevator Co.,* 169 App. Div. 613, it is held that he must give such notice else he cannot later obtain any compensation. The contrary is held in *Woodward* v. *Conklin & Son, Inc.,* 171 App. Div. 736. The *Lester* case points out that the statute says the employee may elect and the election " be evidenced " in such manner as the commission may prescribe and that any compromise for a sum less than the amount of the compensation " shall be made only

with the written approval '' of the employer or insurance carrier.   These provisions the court holds clearly indicate that unless the employee does evidence his election, as required, he cannot have any claim for compensation later no matter how little he recovers from the third party.   The decision in *Woodward* v. *Conklin & Son, Inc., supra,* proceeds on the theory that the statute was passed to protect employees even against their own foolishness and holds, in effect, that although an employee sues a third party without giving evidence of his intention he does not lose his right to compensation if his recovery against the third party is less than the statute provides.   For the purpose of this appeal it is not necessary to determine which of these contentions is correct.

Where an employee recovers more from the third party than the statute would give him he has no claim against his employer.   And irrespective of whether he has recovered from the third party an employee cannot sue his employer for his medical expenses, although the statute (§ 13) requires the employer, after notice, to furnish such services.   *Semmen* v. *Butterick Publishing Co.,* 101 Misc. Rep. 285; approved, *Goldflam* v. *Kezemier & Uhl, Inc.,* 181 App. Div. 140.   Nor can a doctor or attorney who has rendered services to the injured employee sue his employer therefor.   *Bloom* v. *Jaffe,* 94 Misc. Rep. 222; *Hirsch* v. *Zurich General A. & L. Ins. Co., Ltd.,* 97 id. 360.   All these decisions are based on the fact that no such right of action is given by the statute and that on the contrary the statute makes such expenses a part of the compensation provided and the amount thereof a lien upon the compensation fund.   § 24.   There is no provision of the statute giving the employer a right of action against a wrongdoer who has injured his employee except he acquire that right from the injured employee by pay-

ing compensation under the provisions of section 29. And while the cost of furnishing medical attendance is a part of the compensation provided by statute, the intent of the statute is clear that when an employee recovers from a third party more than the compensation would be under the statute the employer is not subrogated to any of the employee's rights against the third party. Appellant's counsel concedes that its right must be found in section 29. If it is not there it does not exist. We do not find any such right given by that or any other section.

The judgment should be affirmed, with costs.

CLARK and KELBY, JJ., concur.

Judgment affirmed, with costs.