CASUALTY COMPANY OF AMERICA, Respondent, Appellant, *v.*
A. L. SWETT ELECTRIC LIGHT AND POWER COMPANY,
Appellant, Respondent.

Fourth Department, November 15, 1916.

Workmen's Compensation Law — negligence of third person causing
death — election of widow to take under Workmen's Compensation
Law — assignment of cause of action against wrongdoer to insur-
ance company — extent of recovery by assignee — surplus of recovery
over amount paid as indemnity held in trust for decedent's estate.

Where the widow of an employee who was killed by an electric current
maintained, not by his master, but by a third person, elects to take the
benefit of the Workmen's Compensation Law and assigns her cause of
action against the third person for the negligence causing death to the
insurance company, the latter may recover of the person causing the
death the full liability therefor, and it is not restricted to a recovery of
the amounts it has paid the widow under the Workmen's Compensation
Law.

*It seems,* that the damages, when recovered by the insurance company,
are impressed with the trust, *first,* to reimburse it for whatever moneys
it may be called upon to pay to the widow and children, and, *second,* if
there be a surplus, to account therefor to the proper legal representa-
tives of the deceased.

Whether the employer is insured in the State insurance fund or by an
insurance corporation or association authorized to transact the business
of workmen's compensation insurance, the right to maintain an action
against a third party, the wrongdoer, is the same.

CROSS-APPEALS by the defendant, A. L. Swett Electric Light
and Power Company, and by the plaintiff, Casualty Company
of America, from a judgment of the Supreme Court in favor
of the plaintiff, entered in the office of the clerk of the county
of Orleans on the 6th day of June, 1916, upon the verdict of a
jury rendered by direction of the court.

The defendant further appeals from an order entered in said
clerk's office on the 1st day of June, 1916, denying its motion
for a new trial made upon the minutes.

*George A. Carnahan,* for the plaintiff.

*James A. Gosnell,* for the defendant.

DE ANGELIS, J.:

James A. Robinson, an employee of Matthew A. Ryan, was killed on the 4th day of November, 1914, in the village of Albion by an electric current which proceeded from the defendant's primary electric wires with which he came in contact.

Ryan, the employer, was insured under the Workmen's Compensation Law in the plaintiff. Robinson's widow elected to take the benefit of the Workmen's Compensation Law, made the required assignment of the cause of action against the defendant to the plaintiff, procured an award against the plaintiff for herself and children and had been paid by the plaintiff on account of its liability almost $400 when this action was begun.

The plaintiff, the insurance carrier, has recovered a judgment against the defendant for the moneys so paid out, upon the theory that the death of the deceased was caused by the negligence of the defendant without fault on his part.

The defendant challenges the judgment, asserting that the evidence did not permit an inference of negligence on its part and showed conclusively that the death of the deceased was due solely to his own negligence; and that in the view of the case most favorable to the plaintiff the question of the defendant's negligence and the question of freedom from contributory negligence on the part of the deceased were for the jury.

The plaintiff challenges the judgment on the ground that an improper rule of damages was adopted by the trial court, in that the plaintiff should not have been limited to the amount of the moneys paid by it, but should have been allowed to recover full damages, not, however, in excess of an amount sufficient to indemnify it to the extent of its liability.

We think that the trial court erred in taking from the jury the question of the defendant's negligence and the question of freedom from contributory negligence on the part of the deceased. We also think it was error to limit the recovery to the amount of the moneys that had been paid by the plaintiff on account of its liability up to the time the action was begun.

It is not easy to determine what the rule of damages should be.

At the time of the death of Robinson his widow was twenty-nine, one of his children, ten, and the other, three years of age. The widow was awarded three dollars and forty-six cents and each child one dollar and fifteen cents per week. The sum of the allowances was ordered paid to the widow bi-weekly so that she gets eleven dollars and fifty-two cents bi-weekly for the family. She was also awarded ninety-five dollars for the funeral expenses of her husband. Under section 16 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1914, chap. 316)* the widow is entitled to her allowance during her widowhood and in case she shall marry she will be entitled to two years' compensation in one sum as a final allowance. Each of the children is entitled to his allowance until he shall reach the age of eighteen years.

We have carefully considered the provisions of the Workmen's Compensation Law in its bearing on the question of damages in a case like this where the widow has elected to take compensation under the Workmen's Compensation Law and has assigned the cause of action against the third party to the insurance carrier. Whether in such a case the employer is insured in the State insurance fund or by an insurance corporation or association authorized to transact the business of workmen's compensation insurance, the right to maintain an action against a third party, a wrongdoer, is the same.

We are disposed to construe section 29 of the Workmen's Compensation Law,* applicable in such a case, in such manner as to give it the meaning that would ordinarily be attached thereto. We believe that when the Legislature adopted this provision, " If he elect to take compensation under this chapter, the cause of action against such other shall be assigned to the State for the benefit of the State insurance fund, if compensation be payable therefrom, and otherwise to the person or association or corporation liable for the payment of such compensation," etc., the Legislature intended that the full and complete cause of action should pass under the assignment. If not, what was to become of such part of the cause of action as might remain ? Take what was done in the case under review.

* Since amd. by Laws of 1916, chap. 622.— [REP.

Here the trial judge limited the recovery to the amount that had been paid by the insurance carrier down to the time of the commencement of the action. That certainly could not be regarded as indemnity, for the widow and the children still live and have already received much more than this so-called indemnity. It may be said that another action may be brought. Suppose we could overcome the objection to splitting the cause of action by making an exception to the rule against splitting causes of action on the ground that the reason for the rule did not exist and justice required the exception. Would any one suggest that the exigency for protecting the State fund is so great that we could by construction suspend the operation of the statute (Code Civ. Proc. § 1902 *et seq.*), which limits to the period of two years the time within which a death negligence action can be brought? Again, what is there in the Workmen's Compensation Law which would justify the donation of part of the damages for which a third party might be liable to the third party, the wrongdoer? Again, who can say that a recovery in such a case is necessarily indemnity? Cases of the liability of third parties will be few in any event. How can we say that the Legislature did not regard them as negligible rather than the basis for speculation? Assume that in a given case, where the State or an insurance corporation prosecutes an action of this kind, without the presence of the widow in her sable garments and the prattling babies about her feet, there be a recovery (it may be possible) beyond indemnity, still we ask why should that be cut down by a gift to the third party, the wrongdoer? The fact that the Commission under the Workmen's Compensation Law is required to " fix the rates of premiums  *  *  *  at the lowest possible rate consistent with the maintenance of a solvent State insurance fund and the creation of a reasonable surplus and reserve " (§ 95) and to readjust rates for the several groups of employment and to give credit for surplus to and charge employers with deficiencies in rates (§ 97),* does not seem to us to give any advantage to the insurance corporations or associations. We know of no provision in the insurance contract of insurance corporations and associations for adding

---

* Since amd. by Laws of 1916, chap. 622.—[Rep.

to or reducing premiums and we have no certain information to lead us to believe that the law as it now stands in the respect referred to favors such corporations and associations. We think the Commission would find no difficulty in retaining their recoveries in third party cases so as not to put the State fund at a disadvantage in favor of such corporations and associations, if such a disadvantage may be possible. Again, we may assume that there may be a defect in the law, still we should not attempt to put a strained construction on other parts of this law to remedy a defect which may be cured by appropriate legislation. Again, we must remember that this defendant is making a selfish claim for relief from part of its liability. Within the idea of indemnity, as claimed by the defendant, we may suggest a possible solution of the problem, although we need not pass upon that question now, for we think the plaintiff should recover from the defendant its full liability in the first instance in any event. Our suggestion is that the damages when recovered shall be regarded by the plaintiff as impressed with the trust to reimburse it for whatever moneys it may be called upon to pay to the widow and children, and, if in the end there shall be a surplus, to account for that surplus to the proper legal representatives of the deceased.

It follows from the foregoing that the judgment and order must be reversed and a new trial ordered, without the costs of this appeal to either party.

All concurred, KRUSE, P. J., in a separate memorandum, and FOOTE, J., in result only, in a separate memorandum.

KRUSE, P. J. (concurring):

I concur for reversal upon both grounds stated in the opinion of DE ANGELIS, J. I think, however, that it does not necessarily follow that if the plaintiff's right to recover is to be limited to the actual payments made by it under the Workmen's Compensation Law, the Statute of Limitations would commence running upon its cause of action at the time the cause of action for negligence accrued to the personal representatives of Robinson, the employee, for whose death the defendant became liable. If the plaintiff's right of recovery is to be thus restricted, it would seem that its claim against the defendant is like any

other obligation payable in installments. In such a case the plaintiff could sue as each installment became due and the Statute of Limitations would not begin to run until the particular installment is due.

The general liability of the defendant would be litigated upon the first action. It would not be necessary to litigate it again, because the determination in that action would be *res adjudicata* in any action brought upon a subsequent installment. I am of the opinion, however, that the plaintiff in that regard is in the same situation as the personal representatives of the deceased would be, to whose rights it succeeds under the assignment; that it can maintain but one cause of action and must recover all its damages in that action. It is true it may recover more than it actually pays. It is also true that it may recover less.

FOOTE, J. (concurring in result):

I think defendant had the right to have the questions of fact left to the jury, but I do not think the trial judge erred in holding that plaintiff's recovery is limited to the amount plaintiff had paid out. There is but one cause of action and no action can be brought for future payments plaintiff may make.

Judgment and order reversed and new trial granted, without costs of this appeal to either party.