The Royal Indemnity Company, Plaintiff, *v.* The J. G. White Engineering Corporation and Atmospheric Nitrogen Corporation, Defendants.

Supreme Court, Onondaga County, February, 1923.

Negligence — Workmen's Compensation Law — insurance carrier paying award is subrogated to rights of injured party — action against one who caused the injury — complaint — what allegations proper — Rules of Civil Practice, rule 106.

Rule 106 of the Rules of Civil Practice, which provides that a motion for judgment dismissing the complaint may be made within twenty days after service thereof, does not preclude the defendant after that time and before trial from raising the question that the complaint does not state facts sufficient to constitute a cause of action.

The whole field of damages for injuries caused by negligence outside of employment is left untouched by the Workmen's Compensation Law, excepting only where an employee is injured in the course of his employment, by one other than his employer.

In such a case the liability of the employer's insurance carrier follows, but the insurance carrier acquires certain rights of subrogation or substitution for its protection against the damages sustained by it through the act of a third party not related to the employment.

The Workmen's Compensation Law (§ 29) provides that where an injured employee elects to take compensation thereunder, " the awarding of compensation shall operate as an assignment of the cause of action against " the party causing the injury, to the insurance carrier, and that it shall contribute only the deficiency, if any, between the amount of the recovery actually collected by suit against a third party and the compensation provided or estimated by the statute for such a case.

Where, therefore, an injured employee has duly elected to accept an award of compensation under the statute the insurance carrier, by virtue of such award and by operation of law, becomes the assignee of the whole cause of action and is entitled to recover, if at all, to the same extent and under the same conditions as would the injured employee without regard to and unaffected, one way or the other, by the amount of the award of the compensation commission.

Where the insurance carrier in its complaint not only sets up the general cause of action in the same manner that its assignor might have done, but goes further and seeks to recover on the one hand by reason of the award and, on the other, the amount of the surplus of any recovery over and above the amount of damages sustained by it by reason of payment of the award to be received, for the benefit of the injured employee, a motion to dismiss the complaint as a whole will be denied, provided the plaintiff amends its complaint so as to state the cause of action assigned by the award, in accordance with the following directions, otherwise the motion will be granted, with costs.

The complaint should be amended by striking out the allegation which sets up the amount of the award of the compensation commission and inserting in the place thereof a simple allegation to the effect that said commission made an award to the injured employee under the Workmen's Compensation Law.

All reference in the complaint to the resolution of the compensation commission should be stricken out and also the words " the amount awarded against the plaintiff to the said * * * [injured employee] as compensation by the Compensation Commission of the State of New York: and to recover in addition thereto for the benefit of this said * * * [injured employee] such sums as will fairly compensate said * * * [injured employee] for his injuries," and in place thereof there should be substituted a simple allegation setting up the election of the injured employee to take compensation, and the fact that such election and the award operated as an assignment of the cause of action.

MOTION to dismiss complaint.

*Melvin & Melvin,* for plaintiff.

*Bond, Schoeneck & King,* for defendants.

SMITH, J. This is a motion for a judgment dismissing the complaint on the following grounds:

1. That two or more causes of action are improperly united in said complaint.

2. That the claim or demand set forth in the complaint which plaintiff seeks to recover upon as trustee for Koachim (Kochmin) has been released.

3. That the claim upon which plaintiff seeks to recover as trustee is irrelevant and should be stricken from the complaint.

4. The allegations contained in the complaint to the effect that an assignment was made to the plaintiff herein of any cause of action or actions which might exist for the benefit of Koachim (Kochmin), and that plaintiff is entitled to recover from defendants the amount awarded against the plaintiff to the said Fred Koachim (Kochmin), as compensation by the compensation commission of the state of New York, and to recover in addition thereto, for the benefit of Fred Koachim (Kochmin), such sums as will fairly compensate said Fred Koachim (Kochmin) for his injuries and damages, are inconsistent.

5. The facts alleged in the complaint whereby plaintiff herein claims the right to recover as trustee and for the benefit of Koachim (Kochim), are not sufficient to constitute a cause of action against these defendants.

Objection is raised to the consideration of the motion, on the ground that more than twenty days have elapsed since the summons and complaint herein were served and before the service of the notice of motion.

A motion for judgment on the ground that the complaint does not state facts sufficient to constitute a cause of action may be made at any time before trial and rule 106, which provides that the motion for judgment dismissing the complaint may be made within twenty days after service of the complaint, does not prevent

the defendant after that time from raising the question that the complaint does not state facts sufficient to constitute a cause of action. Civ. Prac. Act, § 279; Rules of Civil Practice, rule 112; *Stage* v. *Michigan Central R. R. Co.*, 199 App. Div. 675; *Klippel* v. *Weil*, 204 id. 323.

Furthermore, plaintiff's affidavit shows that upon stipulation the trial of the action was held pending the determination of this motion. It is the best practice to have questions of the character here raised settled before the action is brought to trial.

The complaint alleges that one Fred Kochmin was injured through the negligence of the defendant without contributory negligence on his part; that his claim for damages was presented to the workmen's compensation commission of the state of New York and said commission awarded said Fred Kochmin twenty dollars a week for 312 weeks for the loss of an arm, together with certain hospital, medical and surgical expenses, to be paid by the plaintiff herein, which award has been paid up to this time; that the plaintiff will continue to pay such award and any further award that the workmen's compensation commission may make upon said claim in the future.

That prior to the commencement of this action, and pursuant to the regulations of the workmen's compensation commission, said Fred Kochmin duly elected to accept the compensation above referred to and that by reason thereof and the award therein by said commission, an assignment was made to the plaintiff herein of any cause of action or actions which might exist for the benefit of said Kochmin against the defendants, or either of them, arising from the injuries to said Kochmin and that the plaintiff is entitled to recover from the defendants and each of them the amount awarded against the plaintiff to said Fred Kochmin as compensation by the compensation commission of the state of New York and to recover in addition thereto *for the benefit of said Kochmin* such sums as will fairly compensate said Kochmin for his injuries and damages as hereinabove set forth, amounting in all to the sum of $30,000, and asks judgment against the defendants for the sum of $30,000.

The questions raised by this motion involve the construction or interpretation of the Workmen's Compensation Law and especially section 29 thereof. This law was designed to eliminate actions for damages on account of accidental injuries received by an employee " arising out of and in the course of employment," and to afford prompt relief to the employee by way of compensation awarded " upon a fixed basis." The award was to be paid by the " insurance carrier," whether he be the state, the employer or an insurance company.

Actions by employees for injuries caused by negligence in the employments within the scope of the law were ended, and the employee was limited to the compensation allowed by the law; contributory negligence, unless willful, ceased to be a factor. The law was remedial and beneficial and, therefore, should be liberally construed.

The whole field of damages for injuries caused by negligence outside of employment is left untouched by the Workmen's Compensation Law, excepting only where an employee is injured in the course of his employment by another not the employer. In such a case the liability of the employer's insurance carrier follows, but the insurance carrier acquires certain rights of subrogation or substitution for his protection against the damages sustained by him by the act of a third party not related to the employment.

It is under such circumstances as these that the present action is brought and we are here called upon to define the rights of the parties. This involves the construction and interpretation of section 29 of the Workmen's Compensation Law.

This section, so far as applicable to the facts of this case, provides as follows: " If an employee entitled to compensation under this chapter be injured * * * by the negligence or wrong of another not in the same employ, such injured employee, * * * shall, before any suit or any award under this chapter, elect whether to take compensation under this chapter, or to pursue his remedy against such other. * * * If such injured employee elect to take compensation under this chapter, the awarding of compensation shall operate as an assignment of the cause of action against such other to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation, and if he elect to proceed against such other, the state insurance fund, person, association, corporation, or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case. * * * A compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the commissioner, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association, corporation, or insurance carrier liable to pay the same. * * *."

The plaintiff, the insurance carrier, by virtue of the election of Fred Kochmin to accept the award of the compensation

commission, became the assignee of the cause of action and seeks to recover not only the amount for which it has become liable under the operation of the Compensation Law, to wit, the amount awarded to Kochmin by the compensation commission, but also generally for all damages caused to Kochmin through the alleged negligence of the defendants without limitation as to amount by reason of the award.

In this case, the injured party, Kochmin, before any action was brought by him against the defendants and before the award by the compensation commission elected to take compensation under the Compensation Law rather than to pursue his remedy at common law against the defendants; the compensation commission awarded Kochmin twenty dollars a week for 312 weeks, together with certain hospital, medical and surgical expenses; this award the plaintiff has paid or is paying; this award, by its own force, operated under the law *as an assignment of the cause of action* against the defendants for the benefit of the insurance carrier, in this instance, of the plaintiff.

The plaintiff, as such insurance carrier, seeks to recover against the defendants:

(a) The damages which it has suffered on account of the award amounting to some $6,000.

(b) Generally, on the case the sum of $30,000, the surplus of any recovery over and above the amount of damages sustained by it by reason of payment of the award to be received " for the benefit of said Fred Kochmin."

The defendants in effect seek to limit the claim for damages to the amount of the award of the compensation commission, claiming that " the statute does not give the plaintiff the right to bring any action for the benefit of Kochmin " and that " in accepting compensation, Kochmin released all claim or right to bring an action against these defendants and the plaintiff can have no greater rights than Kochmin."

The provisions of section 29 in no wise defeat or impair the right of action against a third party causing the injury; their only purpose is to define the relation between the insurance carrier and the party injured; they were not designed to benefit or relieve a third party, in this instance the defendants, or to limit or restrict freedom of action as against him; he is not within the scope of, nor is he covered by, the Compensation Law, nor is there any reason why he should benefit from its provisions.

The section provides for two contingencies:

1. Where the injured employee elects to pursue his common-law remedy against the third party causing the injury;

2. Where the injured employee elects "to take compensation under this chapter."

If the injured party elects to pursue his remedy against the third party, he has, excepting as noted below, entire freedom in the prosecution of his action; he does not lose his right to compensation under the statute, but the insurance carrier in such case " shall contribute only the deficiency, *if any*, between the amount of the recovery against such other person actually collected and the compensation provided or estimated by this chapter for such case."   He cannot, however, compromise the action " at an amount less than the compensation provided for by this chapter without the written approval of the insurance carrier."

The statute is definite, clear and practically complete in the event the injured party (in this case Kochmin) elects, in the first instance, to pursue his remedy against the defendants.

It is far from being clear, definite or complete with respect to the situation created in the event (as in this case) the injured party, in the first instance, elects " to take compensation under this chapter."   In this event the statute provides:

1. That " the awarding of compensation shall operate *as an assignment of the cause of action against* " the party causing the injury (in this case the defendants) to the insurance carrier (in this case the plaintiff); and

2. That the insurance carrier "shall contribute only the deficiency, *if any*, between the amount of the recovery against " (in this case the defendants) " actually collected and the compensation provided or estimated by this chapter for such case."

Section 29 is incomplete in that it makes no provision covering a case wherein there is a recovery in excess of the compensation awarded under the act.   Clearly, in such event, the insurance carrier receives out of the recovery the amount he has been obligated to pay on account of the award — but what of the balance?   It makes no provision against the settlement of the action without the consent of the injured party.   There is no compulsion upon the insurer to prosecute the action; it does not provide that the injured party may prosecute the action on his own account in the event the insurance carrier does not; it does not provide, in such an event, for a reassignment of the cause of action to the injured party; it does not provide that the insurance carrier becomes a trustee of the injured party or that the action, when brought, is brought for his benefit.   The law is sadly deficient in these respects.   The difficulty grows out of the fact that the law makes an assignment of an unliquidated claim, in tort, in

derogation of the common law. It is not for the court to legislate but to construe, to interpret legislation; it may not add to, nor detract from the statute; the court must take the statute as it is, not as it may think it should be.

The defendants, at this time, very properly raise the questions involved in this motion. However, what becomes of any recovery in the action is no proper concern of the defendants. That is a matter between the plaintiff and Kochmin to be adjusted between them, and if not adjusted satisfactorily, to be determined by the courts. The " cause of action " was assigned by operation of law upon the making of the award, not a part of it, but the whole of it. The plaintiff is entitled to recover, if at all, for the damages occasioned to Kochmin unlimited by the award of the compensation commission and irrespective of it to the same extent and subject to the same rules as if Kochmin himself were the plaintiff; the measure of damages is the same as if he were the plaintiff unlimited and unaffected by the award of the compensation commission.

" The general rule is that a subrogee is entitled to indemnity to the extent only of the money actually paid to discharge the obligation or the value of the property applied. He may not speculate on the principal." 25 R. C. L. 1389.

In this instance the plaintiff's position is analogous to that of a person holding title to securities to protect him against liability as surety. He may sell the securities but he must apply the proceeds of the sale first to reimburse himself for the amount he has paid for the account of his principal and second, he must pay the surplus, if any, to his principal. That an insurance carrier should be permitted to speculate with a cause of action so assigned is abhorrent to every principle of justice. In this respect the very thorough discussion of the subject of subrogation under section 29 of the Workmen's Compensation Law in *U. S. F. & G. Co.* v. *N. Y. Railways Co.*, 93 Misc. Rep. 119, is illuminating.

Our conclusion then is that by virtue of the award and by operation of the law, the plaintiff became the assignee of the whole cause of action and entitled to recover, if at all, to the same extent and under the same conditions as would the injured Kochmin, without regard to, and unaffected one way or the other by, the amount of the award of the compensation commission.

The plaintiff has, in its complaint, set up the general cause of action in the same manner that its assignor might have done, but it has gone farther and has sought to recover on the one hand by reason of the award of the compensation commission, and on the other " for the benefit of Fred Kochmin."

The motion to dismiss the complaint, as a whole, should be denied.

The complaint must be amended, however, in the following particulars:

(a) By striking out the 14th paragraph thereof which sets up the amount of award of the compensation commission and by inserting in the place thereof a simple allegation to the effect that said commission made an award to said Fred Kochmin under the Workmen's Compensation Law.

The setting up of the amount or details of the award as a basis or element of damages or as a separate cause of action as the case may be, is unnecessary to a statement of the cause of action, is improper and might be highly prejudicial. Evidence before the jury as to the details or the amount thereof would be incompetent.

(b) In the 15th paragraph thereof all reference to the resolution of the compensation commission should be stricken out and also the words " the amount awarded against the plaintiff to the said Fred Kochmin as compensation by the Compensation Commission of the State of New York: and to recover in addition thereto for the benefit of this said Fred Kochmin such sums as will fairly compensate said Fred Kochmin for his injuries    *    *    *."

And a simple allegation setting up the election of Kochmin to take compensation, and the fact that this election and the award operated as an assignment of the cause of action should be substituted.

The allegation that the action is brought to recover damages for the benefit of the injured party is unnecessary to the complaint and no part of the cause of action assigned.

We are not here passing upon the question as to whether the complaint, as claimed by the defendants, does or does not set up two separate causes of action or rather two elements of damage — this question is not raised by the plaintiff upon this motion. The complaint in its present form creates a very confusing situation.

The effect of the changes in the complaint is to make it state one cause of action — the cause of action assigned by the award.

The effect of this determination is to eliminate all such questions as were involved in *Casualty Co. of America* v. *Swett El. L. & P. Co.*, 174 App. Div. 825, leaving such questions, which are really questions between the plaintiff and the injured party and in which the defendants have no proper concern, for future adjustment between the insurance carrier and the injured party, as they arise. So far as payments in installments are concerned, it is merely a matter of easy calculation to reach the gross sum due the plaintiff which, paid at a certain date, will equal, or be equivalent to, the payments in installments.

The motion to dismiss the complaint is denied, provided the

plaintiff amends its complaint in accordance with this decision and serves a copy of such amended complaint upon defendants' attorneys within ten days after service, by defendants, of a copy of the order to be entered herein; otherwise, the motion is granted, with ten dollars costs.

Ordered accordingly.