THE TRAVELERS INSURANCE COMPANY, Respondent, *v.* BRASS GOODS MANUFACTURING COMPANY, Appellant.

**Workmen's compensation — death of workman through negligence of third party — election of dependents to proceed against employer — assignment of cause of action against third party to the insurance carrier — remedy of carrier not limited to actual loss it has sustained.**

1. Where the widow and children of an employee engaged in a hazardous business, who was killed through an accident arising out of the negligence of a third party, elected to proceed against his employer and assigned their cause of action to the insurance carrier, they retained no interest whatever in their cause of action.

2. There is no basis for any rule that the remedies of the carrier are to be limited by the loss which it has sustained, because it has been, or may be, compelled to make payments to the dependents. How much the assignee might have paid them for the transfer to him of the cause of action and whether the damages allowed are more or less than the sum so paid is immaterial. (*Travelers' Insurance Co. v. Padula Co.*, 224 N. Y. 397; *Matter of Zirpola* v. *Casselman*, 237 N. Y. 367, followed.)

*Travelers' Ins. Co.* v. *Brass Goods Mfg. Co.*, 208 App. Div. 834, affirmed.

(Argued December 3, 1924; decided January 21, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 5, 1924, affirming a judgment in favor of plaintiff entered upon a verdict.

*James J. Mahoney* and *George J. Stacy* for appellant. The theory of damages urged by plaintiff and adopted by the trial court is erroneous. The plaintiff insurance company has not suffered the damages that the widow might have suffered and is not entitled to recover the damages she might have recovered if a recovery were at all permissible. (*People ex rel. N. Y. C. R. R. Co. v. Purdy*, 167 App. Div. 637; 216 N. Y. 704; *Matter of City of New York*, 221 N. Y. 127; *T. S. & M. S. Ry. Co. v. Roach*, 80 N. Y. 339; *Hudson Iron Co. v. Alger*, 54 N. Y. 173; *People ex rel. Hallock v. Hennessy*, 205 N. Y. 301; *O'Grady v. N. Y. M. L. S. Ins. Co.*, 16 App. Div. 567; *People v. Jaehne*, 103 N. Y. 182; *Fitzgerald v. Quann*, 109 N. Y. 441; *U. S. F. & G. Co. v. N. Y. Rys. Co.*, 93 Misc. Rep. 118; *Matter of Dietz v. Solomonwitz*, 179 App. Div. 560.)

*E. C. Sherwood* for respondent. The plaintiff is the owner of the cause of action arising out of defendant's negligence; and as such is entitled to recover the full damages allowable in such case under the provisions of the statute creating such cause of action. (*Travelers Ins. Co. v. Padula Co.*, 224 N. Y. 397; *Matter of Zirpola v. Casselman, Inc.*, 237 N. Y. 367; *Casualty Co. v. Swett*, 174 App. Div. 825; *Bennett v. Page Bros.*, 197 App. Div. 745; *Royal Indemnity Co. v. White Engineering Co.*, 120 Misc. Rep. 332.)

Andrews, J. William J. Fitzgerald while working for the National Packing Box Company in a hazardous business was killed through an accident arising out of and in the course of his employment but said to have been caused by the negligence of a third party, the present defendant. His widow and children elected to proceed against his employer under the Workmen's Compensation Law (Cons. Laws, ch. 67) and, therefore, assigned their cause of action against the Brass Goods Manufacturing

Company to the Travelers Insurance Company, the insurance carrier, as provided by section 29 of the statute. To enforce that cause of action this suit was then brought. The serious question before us is the rule of damages to be applied in such cases. In the courts below it has been held that the carrier may recover precisely what might have been recovered by an administrator in an action brought by him for the benefit of the next of kin. The appellant argues that the whole theory of damages is based upon the idea of exact compensation to the injured party for the loss sustained and it is true that we have said that for a wrong the law's ideal is compensation neither more or less. (*Orester* v. *Dayton Rubber Mfg. Co.*, 228 N. Y. 134.) Some rule should be adopted, therefore, it is argued, which shall measure the recovery allowed to the carrier by the amount which it has paid or will be compelled to pay under the award made by the Workmen's Compensation Commission. This argument is strengthened, it is further said, by the title of section 29 —" Subrogation to remedies of employees." " Subrogation " implies restoration of the amount paid by a surety or similar person and restoration of that amount only.

The supposed equity of some theory that might prevent a carrier from profiting by the transaction seems to have impressed courts and judges, yet they have failed to state any practical method consistent with the statute whereby this might be accomplished. In *Casualty Company of America* v. *Swett Electric Light & Power Company* (174 App. Div. 825) it was said that while the carrier might recover from the person causing the death the full damages therefor, still the recovery was impressed with a trust to in the first place reimburse itself for whatever it may be compelled to pay under the award as made and then if there be a surplus to account therefor to the legal representatives of the deceased. A similar suggestion is made in *Royal Indemnity Company* v. *White Engineering Corp.* (120 Misc. Rep. 332). The statute contains no

such provision. Indeed the intention expressed by the Legislature is clearly to the contrary. The purpose of the act was to secure to dependents the speedy, certain and adequate provision for their support. They may and must in case of accidental injuries causing death obtain an award from the employer under the act which shall be exclusive in place of any other liability on his part except that if he has neglected to secure insurance they may at their option elect to claim compensation under the act or maintain an action in the courts for damages. (Workmen's Compensation Law, sec. 11.) They cannot do both and such election when made is final. (*Matter of Pavia* v. *Petroleum Iron Works Co.*, 178 App. Div. 345; *Matter of Crinieri* v. *Gross*, 184 App. Div. 817.) Likewise under section 29 the statute requires a similar election which when made is also final. (*Miller* v. *N. Y. Rys. Co.*, 171 App. Div. 316.) If they choose to pursue their remedy against the employer their claim is satisfied by the award. They retain no interest whatever in their cause of action. They assign it as a whole. There is no hint of any remaining right, either legal or equitable, surviving against the carrier unless it be because of the use of the word " subrogation " in the title of the section. Ordinarily one subrogated to the rights of another may retain only sufficient to protect himself from loss. But the expression is also used with a more general meaning. Subrogation is substitution, it has been said, of one person in the place of another so that he who is substituted succeeds to the rights of that other in relation to a debt or claim and to its rights, remedies or securities. (*Leavitt* v. *C. P. R. Co.*, 90 Me. 153.) That in this sense the title speaks is shown by the substance of the section which refers not to subrogation but to an assignment of the cause of action.

Assuming, therefore, that the widow and children have no rights in the damages which may be obtained by the carrier, the remaining question is as to the basis

upon which these damages are to be computed. It has been held in several cases that these remedies are to be limited by the loss which the carrier has sustained because it has or may be compelled to make payments to the dependents. We see no basis for any such rule. Ordinarily the assignee of a cause of action recovers in the right of his assignor and to the extent that the assignor might himself recover. How much the assignee might have paid for the transfer to him and whether the damages allowed are more or less than the sum so paid is entirely immaterial. The general rule with regard to confining damages to compensation applies to the party originally injured, not to his assignee. There is no reason that the same rule should not apply to the assignment of a cause of action for personal injuries were the same allowed. In this one case the assignment of such a cause of action is expressly authorized. And there is good reason why it should be so authorized. Measuring the damages here by the loss to the assignee would be impractical. Damages to the amount paid out by the carrier to the time of the commencement of the action or to the time of the trial only would be manifestly unjust. It would serve to relieve the wrongdoer of a part of the responsibility for his acts and at the same time would deprive the carrier who has suffered loss because of such wrongdoing of compensation for all future payments which it might be compelled to make. Nor would it be possible to fix with reasonable certainty by any method of computation the total amount of such future payments. No reference to the expectancy of one or more lives would be of avail. So far as the widow is concerned the award is made to her not for life but until she remarries, with other provisions in that contingency. (Sec. 16.) As to both the widow and children the amount of the award is not definitely fixed. It may at any time in the future be increased or decreased. (Sec. 22.) So as to what amount will be ultimately required we can but guess. It may be more

or it may be less than the award of damages which the carrier may receive. Very possibly the amount of such damages as nearly measures the amount of the carrier's loss as any other sum which could be named to-day.

Because of the seeming conflict in the courts below on the question here involved we have perhaps said more than was necessary, for in two recent cases the rule to be adopted was at least foreshadowed. In *Travelers Ins. Co. v. Padula Co.* (224 N. Y. 397, 405) we said: " In case the dependents elect to assign the cause of action the assignment creates its ordinary and established effects. It transfers to and vests in the assignee the cause of action. If the assignment is to the state the cause of action is thereby made the property of the state; if to another the cause of action becomes by virtue of the assignment the property of that other. In the case at bar the dependents assigned the cause of action to the plaintiff. A cause of action inherently includes and comprehends, in the absence of restrictive language, the right to maintain an action upon the claim or matter which also is inherently included in it." So in *Matter of Zirpola v. Casselman, Inc.* (237 N. Y. 367, 372) we again said: " We think the cause of action against third parties for the benefit of next of kin is unchanged by the Compensation Act except to the extent that the act substitutes the carrier, upon the execution of appropriate assignments, to the distributive shares of next of kin who claim as dependents also. * * * The statute thus construed will work out in practice the following results: If dependents, electing to assign, are the only next of kin, the entire beneficial interest in the cause of action against the wrongdoer will pass by their assignment to the carrier, who may sue or compromise at will."

Various other questions are argued by the appellant but none of them do we consider of importance. There was evidence to sustain a finding that the defendant was

guilty of negligence and that the deceased was free from contributory negligence. As to the various rulings of the trial court which are claimed to be erroneous none of them are of sufficient importance to justify a reversal under the facts of this case.

The judgment of the Appellate Division must be affirmed, with costs.

HISCOCK, Ch. J., POUND, CRANE and LEHMAN, JJ., concur; CARDOZO and McLAUGHLIN, JJ., absent.

Judgment affirmed.