services. The finding of a contract to that effect from such admissions is, I believe, contrary to the weight of the evidence in view of the following circumstances: 1. There was an absence of written proof. (*Rosseau* v. *Rouss*, 180 N. Y. 116.) 2. The services continued for upwards of six years without commensurate payments. (*Sheldon* v. *Sheldon*, 133 N. Y. 1.) 3. When claimant asked testator for a substantial payment testator refused it, became angry, and finally paid claimant much less than he had asked. 4. When, according to Miss O'Connell, testator said that he had provided for claimant in his will, testator had already made a will containing no such provision and afterwards actually made a codicil containing no such provision. 5. A contract such as has been found in this case is unusual. I, therefore, am of opinion that the decree should be reversed upon the facts.

———

ROYAL INDEMNITY COMPANY, Respondent, v. J. G. WHITE ENGINEERING CORPORATION, Defendant, Impleaded with ATMOSPHERIC NITROGEN CORPORATION, Appellant.— Judgment and order affirmed, with costs, on the authority of *Travelers Ins. Co.* v. *Brass Goods Mfg. Co.* (239 N. Y. 273), which has settled the law upon the question of the right of the plaintiff to recover the full amount of damages suffered by the injured party. The alleged error in the charge of the court and the statement of the plaintiff's counsel made in reliance upon the language in the opinion in *Casualty Co. of America* v. *Swett Electric L. & Power Co.* (174 App. Div. 825), do not justify a reversal, it not being claimed that the verdict is excessive. All concur. Present — Hubbs, P. J., Clark, Davis, Sears and Taylor, JJ.

ANTONIA TABACZYNSKI, Respondent, v. WILLIAM C. SCHMIDT, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

JAMES LOCKHART, Appellant, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 13 OF THE TOWNS OF PERINTON AND PITTSFORD, etc., and Another, Respondents.— Judgment affirmed, with costs. All concur, except Davis, J., who dissents. Present — Hubbs, P. J., Clark, Davis, Sears and Taylor, JJ.

LILLIAN LOCKHART, an Infant, etc., by JAMES LOCKHART, Her Guardian ad Litem, Appellant, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 13 OF THE TOWNS OF PERINTON AND PITTSFORD, etc., and Another, Respondents.— Judgment affirmed, with costs. All concur, except Davis, J., who dissents. Present — Hubbs, P. J., Clark, Davis, Sears and Taylor, JJ.

CITY BANK TRUST COMPANY, as Trustee under Mortgage Executed by IROQUOIS UTILITIES, INC., Respondent, v. IROQUOIS UTILITIES, INC., and Others, Defendants, Impleaded with CHARLES C. JONES, as Trustee of IROQUOIS UTILITIES, INC., Bankrupt, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

CITY BANK TRUST COMPANY, as Trustee under Mortgage Executed by IROQUOIS UTILITIES, INC., Respondent, v. IROQUOIS UTILITIES, INC., and Others, Defendants, Impleaded with CHARLES C. JONES, as Trustee of IROQUOIS UTILITIES, INC., Bankrupt, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

CITY BANK TRUST COMPANY, as Trustee under Mortgage Executed by IROQUOIS