In the Matter of the Claims of NUNZIATO DI DONATO
et al., Respondents, against MORRIS ROSENBERG et al.,
Respondents, and EMPLOYERS' LIABILITY ASSURANCE
CORPORATION, LTD., Appellant.

STATE INDUSTRIAL BOARD, Respondent.

(Argued May 12, 1931; decided June 2, 1931.)

*Rowland H. Long* for appellant. The State Industrial Board had plenary power to reopen the case in the interests of justice and upon the rehearing to modify its former award and decision. (*Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544; *Fischer* v. *Genesee Constr. Co.*, 187 App. Div. 850; *Spaduccino* v. *Hayes & Co.*, 180 App. Div. 37; *Schaefer* v. *Buffalo Steel Car Co.*, 205 N. Y. 507; *Ziegler* v. *Cassidy's Sons*, 220 N. Y. 98; *Beckmann* v. *Oelerich & Son*, 174 App. Div. 353; *People ex rel. Gas Light Co.* v. *Common Council*, 78 N. Y. 56.) The State Industrial Board was justified in relieving the appellant from the stipulation. (*Barry* v. *Mutual Life Ins. Co.*, 53 N. Y. 536; *Dillon* v. *Cockcraft*, 90 N. Y. 649; *Clanson* v. *Baldwin*, 152 N. Y. 204; *Morris* v. *Press Pub. Co.*, 98 App. Div. 143; *Stemmler.* v. *Mayor*, 179 N. Y. 473.) No contract existed at any time between the employer and the appellant. (*McCotter* v. *New York*, 37 N. Y. 325; *Commercial Tel. Co.* v. *Smith*, 47 Hun, 494; *Grierson* v. *Mason*, 60 N. Y. 394; *Nundy* v. *Matthews*, 34 Hun, 74.) The contractor and its insurance broker did not assume to act for the employer but acted for the contractor and for its sole benefit. (*Hamlin* v. *Sears*, 82 N. Y. 327; *Ramsay* v. *Miller*, 202 N. Y. 72; *Condit* v. *Baldwin*, 21 N. Y. 291.)

*Joseph F. Donovan* and *Alfred W. Andrews* for respondents. The former award of the State Industrial Board having been affirmed by order of the Appellate Division was *res adjudicata* and the Industrial Board was without jurisdiction to disturb it. (*Anderson* v. *Lighterage Co.*, 214 App. Div. 743; 241 N. Y. 523.) The stipulation that the appellant was a coinsurer was binding on both

the State Industrial Board and the appellant, and the Industrial Board had no jurisdiction to set it aside. (*Stemmler* v. *Mayor*, 179 N. Y. 473; *Morris* v. *Press Pub. Co.*, 98 App. Div. 143.) The appellant assumed a contractual as well as a statutory obligation to the employer when it issued its policy covering the employer. (*Dale* v. *Saunders Bros.*, 171 App. Div. 528; 218 N. Y. 59; *Haddon* v. *Stanton*, 177 App. Div. 938; *Lawrence* v. *Fox*, 20 N. Y. 68; *Lewis* v. *Home Ins. Co.*, 199 App. Div. 556; 234 N. Y. 498; *Smart* v. *Merchants Mutual A. L. Ins. Co.*, 206 App. Div. 630; 236 N. Y. 577; *Coster* v. *Mayor*, 43 N. Y. 399; *Seaver* v. *Ransom*, 224 N. Y. 233; *Rector of St. Mark's Church* v. *Teed*, 120 N. Y. 583; *Little* v. *Banks*, 85 N. Y. 258; *Vrooman* v. *Turner*, 69 N. Y. 280; *Warrington* v. *Marine Trust Co.*, 249 N. Y. 526.) The appellant having failed to cancel its policy prior to the accident is liable as insurance carrier of the employer. (*Aioss* v. *Sardo*, 249 N. Y. 270.)

CRANE, J. The Kulok Realty Corporation was the owner of premises Nos. 39–41 Eldridge street, in the borough of Manhattan, city of New York, and prior to March 30, 1923, entered into a contract with Morris Rosenberg to make extensive alterations by tearing down and reconstructing the buildings. On that day Jerry Di Donato, an employee of the contractor, was seriously injured by a collapse of the building, and subsequently died. An award for death benefits was made to the widow and infant children which later took the form of a lump sum award to the widow. The Zurich General Accident and Liability Insurance Company, Ltd., had issued its policy to Morris Rosenberg and in the first instance appeared before the State Industrial Board as the sole insurer. Later in the proceedings it was ascertained that the Employers' Liability Assurance Corporation, Ltd., had also insured Rosenberg, and that company appeared on the application of the widow for the full

award. The Board having both policies before it, running in favor of Morris Rosenberg, made a joint award against both companies as insurance carriers. Each was directed to pay one-half of the award. Both insurance carriers appealed to the Appellate Division, and, on August 1, 1928, entered into the following stipulation:

" IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the respective parties hereto that the EMPLOYERS' LIABILITY ASSURANCE CORP., LTD., concede that it is a coinsurer with the Zurich General Accident and Liability Insurance Co., Ltd., in so far as the claim herein is concerned, of the employer Rosenberg; that in view of this fact the only question left for determination on the appeal is the question of the advisability of a lump sum award."

At the time of making this stipulation the Employers' Liability Assurance Corporation, Ltd., assumed that it was liable upon the Rosenberg policy to his injured employees, and that the policy had been properly and legally issued so as to cover his liability. Harry E. Wieting, in charge of the compensation department of the Employers' Liability Assurance Corporation, testified, " Did you assume at the time that you had these conversations with Mr. Byrne, which culminated in this stipulation, that there was a valid and subsisting contract between The Employers' Liability and Morris Rosenberg? A. Yes, certainly."

Before the Appellate Division the only question presented by the appealing companies was the justification for the lump sum award. The action of the State Industrial Board was affirmed and the matter was carried no further. Both carriers then made payment of the award and continued to pay death benefits to the infant children of the deceased.

Some seven months after the affirmance by the Appellate Division, the Employers' Liability Assurance Corpora-

tion, Ltd., made this application to the State Industrial Board to reopen the case and to relieve it from all liability, upon the ground that it had received information leading it to believe that its policy did not cover Morris Rosenberg, but only the Kulok Realty Corporation. The facts upon which it sought relief were that the Kulok Realty Corporation had taken out its policy with the company covering its own liability in the nature of workmen's compensation and had included Morris Rosenberg without his knowledge or request; that it was not the intention of the owner to protect others than itself. The evidence before the Board on the application showed that the policy was issued at the request of the insurance broker for the Kulok Realty Corporation covering " Morris Rosenberg & /or Kulock Realty Corporation." The intention of the owner and of the broker was to cover the contractor's liability as well as that of the owner. Samuel Kulok testified that Mr. Andron, the broker, said " that I should have insurance behind Mr. Rosenberg or his company." Andron testified, " I also suggested they — for a little additional premium you can add your contractor on that policy, so that if anything happens to him, if he is not financially liable or isn't properly insured, why you will be protected."

The insurance company issued its policy thereupon, at the request of the broker, covering Rosenberg's liability as stated in the policy, and with the intention that his loss should be insured against, and his employees, for the period stated, covered by workmen's compensation. The premium was paid by the Kulok Company for Rosenberg's insurance and the policy remained in full force and effect, never having been canceled. Although at the time Rosenberg did not know that this insurance existed, or that the policy had been taken out in his favor, yet subsequently, and after the injury to Di Donato, he took the policy and turned it over to his attorney, Albert Conway, who in turn informed the Zurich General

Accident and Liability Insurance Company, Ltd., the coinsurer, of its existence. It was upon this information that the Employers' Liability Assurance Corporation, Ltd., was made a party at the hearings before the State Industrial Board on the widow's application for lump sum payment, as above stated.

Rosenberg never repudiated the insurance or refused to accept it; the Kulok Company took out insurance for him, intending to cover his liability, and did so on the advice of its insurance broker; the premium was paid by the Kulok Company for Rosenberg's insurance and has been kept by the company; the policy has never been canceled. Under these circumstances the insured employee Di Donato, or his widow and children, were entitled to an award against the Employers' Liability Assurance Corporation, Ltd. The policy was a contract with the employee, binding on the company until canceled, as provided in section 54 of the Workmen's Compensation Law (Cons. Laws, ch. 67). (*Matter of Aioss* v. *Sardo*, 249 N. Y. 270.)

The State Industrial Board, therefore, was not justified in granting this application and relieving the insurance company from its liability on this policy and as a coinsurer with the Zurich Company to pay the award made to the widow and to the children. While we must affirm the order of the Appellate Division reversing this action of the State Industrial Board, we cannot do so for the reason stated by that court. The Appellate Division was of the opinion that its previous decision was *res adjudicata* on this application of the insurance company for relief. As I have already stated, the two insurance companies joined in an appeal to the Appellate Division from the lump sum award made in behalf of the widow, the Employers' Liability Assurance Corporation conceding in written stipulation its liability as coinsurer. The affirmance by the Appellate Division did not deprive the State Industrial Board of its power thereafter to reopen the

proceeding and vacate its previous awards upon facts justifying such action. Section 123 of the Workmen's Compensation Law gives to the Board the continuing power to make such modification or change with respect to any award or decision as in its opinion may be just. (See, also, § 22.) The extent of these powers we have recently discussed in *Royal Indemnity Company* v. *Heller* (256 N. Y. 322), handed down May 12, 1931. The previous decision of the Board and of the Appellate Division fixing the awards was not, therefore, *res adjudicata* and binding upon any subsequent action of the Board. The previous decision was binding, however, until sufficient facts were presented to the Board to justify a change. Such facts were not presented upon this application, and it is for this reason that we sustain the reversal by the Appellate Division.

The order should be affirmed, with costs.

CARDOZO, Ch. J., LEHMAN, O'BRIEN and HUBBS, JJ., concur; POUND and KELLOGG, JJ., dissent.

Order affirmed.