**KAGAN v. DAVIDSON TRANSFER & STORAGE CO.**

No. 11274.

United States District Court,
E. D. New York.

Jan. 8, 1952.

Alexander & Ash, New York City, for defendant (Sidney A. Schwartz, New York City, of counsel).

M. Hiram Kagan, Brooklyn, for plaintiff (Ora Copel, Brooklyn, of counsel).

KENNEDY, District Judge.

The plaintiff moves to strike the second defense in defendant's answer (that plaintiff has no capacity to sue), the claim being that title to the first and second causes of action has vested in the compensation carrier, Century Indemnity Co. Workmen's Compensation Law, sec. 29, McK.Consol.Laws, c. 67. There is a cross-motion by defendant for summary judgment on the ground that under the uncontrovertible facts the second defense is a complete bar to a recovery.[1] The case is ruled by New York laws.

A brief reference to the facts disclosed by the affidavits is necessary. Plaintiff's intestate was killed on September 8, 1949, as it is claimed, through the negligence of the defendant. The intestate was employed by M. Hausman & Sons, Inc. who had secured insurance covering their employees under the Workmen's Compensation Law of New York. On January 6, 1950, the Workmen's Compensation Board (hereafter called simply the Board) transmitted a request that plaintiff file a claim for compensation. On January 13, 1950, the plaintiff's attorney executed a claim for death benefits; on January 17, 1950, he transmitted proof of burial and funeral expenses. On

[1]. Procedurally, I suppose the plaintiff's motion is in strictness based upon C.R.P. 12(f), 28 U.S.C.A. Defendant's motion (for summary judgment) is under C.R.P. 56. The first rule mentioned contains a time limitation which apparently has not been met here. If a procedural solution is needed I suppose the clue is to be found in C.R.P. 12(c), namely, that "pleadings" should be construed as broad enough to include an issue raised by a complaint and an affirmative defense, and the two motions together are capable of being considered cross-motions for partial summary judgment, aided by affidavits. I am aware of the fact that summary judgment is not necessarily available because both sides move. Walling v. Richmond Screw Anchor Co., Inc., 2 Cir., 1946, 154 F.2d 780, 784. But here my discussion of the facts will show, I think, that on the issue raised by the complaint and the affirmative defense there is no material factual dispute.

72

January 26, 1950, plaintiff's attorney received a notice of hearing to be held on February 20, 1950. On February 3, 1950, plaintiff's attorney wrote to the carrier acknowledging a check for funeral expenses, and asked that the hearing before the Board be adjourned in order that he might commence a third party action. The carrier on February 8, 1950, acknowledged the letter just mentioned and assured plaintiff's attorney that he need not appear at the hearing, because the carrier would ask that it be put off "pending the outcome of your contemplated third party action". The carrier promised that "in the interim we are continuing payments to Mrs. Kagan on behalf of herself and her children".

On February 20, 1950, a critical date, no one appeared before the referee and he proceeded to make an award as he had statutory power to do. The Board telephoned plaintiff's attorney on February 27, 1950, and was told that no third party suit had yet been commenced. On March 6, 1950, plaintiff and her attorney were advised of the award and the amount to be paid. On March 15, 1950, copies of a form for the purpose of reflecting the commencement of a third party suit were sent to plaintiff's attorney. On March 23, 1950, the compensation carrier transmitted to the Board a report that the award was being paid. On June 5, 1950, the Board corrected the record concerning plaintiff's date of birth; and on June 8, 1950, a letter was sent by the Board to plaintiff's attorney calling his attention to its prior letter of March 15, 1950, and again saying that the form appropriate for notice of the commencement of a third party action had not yet been received by the Board.

On November 20, 1950, this action was commenced. On December 4, 1950, plaintiff's attorney executed and forwarded to the Board the form relating to the commencement of a third party action. By this time, of course, six months had run since the making of the award on February 20, 1950; under the terms of the statute, Workmen's Compensation Law, sec. 29, time to commence the third party suit had run, and the right to sue, if the award was valid, had vested in the carrier.

Proceedings were then taken by the plaintiff before the Board to nullify the referee's decision and award made on February 20, 1950, with the result that on July 12, 1951, a memorandum decision was handed down by the Board reciting what had occurred just prior to the making of the award and particularly the correspondence between plaintiff's attorney and the carrier expressing an understanding that the hearing should be adjourned pending the disposition of a contemplated third party action. It was pointed out by the Board that unless relief was given to the widow, the carrier by its failure to carry out its own agreement would have title to the law suit. The Board concluded that "equity and justice require that the decision and award made on February 20, 1950, be rescinded, and the parties restored to their status quo".

█ It is defendant's claim that when this action was commenced (November 20, 1950) the plaintiff was not a proper party in interest, and did not have capacity to sue, that nothing done thereafter could "divest" the carrier's exclusive title and right to bring the action, and that in any event the Board had no power to rescind its own award.

The first point to be dealt with is, of course, the power of the Board to rescind the referee's award. The defendant in support of its position that the Board could not rescind cites, in the main, two cases: Schubert v. Finkelstein, 1927, 244 N.Y. 583, 155 N.E. 906, and Sabatino v. Thomas Crimmins Construction Co., 1918, 102 Misc. 172, 168 N.Y.S. 495. The Schubert case is a memorandum opinion affirming an Appellate Division decision, also reflected in a memorandum opinion—216 App.Div. 702, 213 N.Y.S. 904 which relies on the authority of Travelers' Ins. Co. v. Brass Goods Mfg. Co., 1925, 239 N.Y. 273, 146 N.E. 377, 37 A.L.R. 826. The Travelers' Ins. Co. case so far as it is pertinent here holds that once a person has made an election to take compensation insurance no interest whatever is retained by that person. The Sabatino case involved an election which was subsequently withdrawn on consent. It was held that such a withdrawal was ineffectual to disturb the statutory assignment of the

cause of action. In other words, an intelligent election was binding.

But the case at bar does not involve an election. It involves the power of the commission to rescind an award where the carrier expressly agreed with the widow's representative that the "matter" would be adjourned, and nothing done to interfere with the widow's right to her third party action.

It seems to me that under the statute, Workmen's Compensation Law, sec. 123, the power of the Board is broad enough to warrant the action which it took here, and that its action was fully justified by the documentary evidence in the case, and particularly the letters of February 3, 1950, and February 8, 1950.

In Royal Indemnity Co. v. Heller, 1931, 256 N.Y. 322, 176 N.E. 410, the power of the Board to apply equitable remedies for mistake was upheld. In Di Donato v. Rosenberg, 1931, 256 N.Y. 412, 176 N.E. 822, the continuing jurisdiction of the Board under the statute, Workmen's Compensation Law, sec. 123, and its power to relieve an insurer from liability on a compensation policy were specifically approved, even though the action of the Board was there not warranted on the facts. Again, the continuing jurisdiction of the Board and its power to grant reformation of a policy of insurance were sustained in McMahon v. Gretzula, 1933, 238 App.Div. 877, 262 N.Y.S. 793. On the basis of these decisions and others of similar import it seems clear to me that the Court of Appeals of the State of New York would never rule that under the circumstances at bar the Board was without equity power to vacate its own award. It is true that the widow continued to accept compensation; but that was specifically agreed to by the carrier in the very letter (February 8, 1950) wherein it promised that the matter would be "put off" pending the outcome of the contemplated third party action.

2. The carrier was not represented before me on the argument of this motion. However, the record is bare of any suggestion that the Board's decision to rescind the award and to reinstate the widow's right to sue was ever challenged

The defendant urges that the decision to rescind, taken by the Board, did not specifically provide for *ab initio* nullification of the award. True enough these words were not used; but the Board in its decision unequivocally stated that it was rescinding the award in order to prevent the carrier from subrogating itself to the rights of the widow by a transaction repugnant to principles of equity and justice. Nothing but recission *ab initio* could have been intended.

I see no issue of fact in the case: the action of the Board is supported by documents whose contents cannot be disputed. This leads to an order granting the motion striking the second defense and denying the defendant's cross motion for summary judgment.[2]

by the carrier. That decision therefore has, I suppose, finality so far as the carrier is concerned, and I do not see any necessity that it be a party to this record.